# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**HAROLD MOSES COVERT**　　　　　　　　　　　　　　　　　　**PLAINTIFF**
**ADC #151511**

V.　　　　　　　　NO. 4:20-cv-01170-BRW-ERE

**D. PAYNE,** *et al.*　　　　　　　　　　　　　　　　　　　　　　　**DEFENDANTS**

## ORDER

Pending before the Court is Plaintiff Harold Moses Covert's motion for order to show cause and temporary restraining order. *Doc. 152.* In the motion, Mr. Covert requests the Court to order Defendants to: (1) provide a full list of inmates currently assigned to the Varner Supermax stepdown program; (2) provide those inmates' disciplinary histories; (3) provide inmate S. Jackson's prison file; (4) provide all "investigation documents have that have been conducted against A. Cook and Johnson" *(Doc. 152 at 1)*; (5) place the inmate known as "Pig" on his inmate separation list; and (6) place a sign on Mr. Covert's cell door stating that the cell block and hallway must be "cleared" before he may leave his cell *(Doc. 152 at 2)*.

### A.    The Discovery Deadline Has Passed

The first four requests made in Mr. Covert's motion are essentially discovery requests. Discovery requests should first be directed to a party, not the Court. Here, there is no indication that Mr. Covert first requested this information from Defendants. In any event, discovery in this matter closed on September 24, 2021

*(Doc. 102)*, so it is too late for Mr. Covert to request discovery from Defendants or to seek discovery related relief from the Court.

### B. Mr. Covert Has Not Met His Burden For Injunctive Relief

With regard to Mr. Covert's remaining requests, he has not explained how he will suffer irreparable harm absent Court intervention. A preliminary injunction "is an extraordinary remedy," and the movant bears the burden of showing that such relief should be granted. *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003) (internal citations omitted).

> [I]n the prison context, a request for injunctive relief must always be viewed with great caution because "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration . . . [t]he courts should not get involved unless either a constitutional violation has already occurred or the threat of such a violation is both real and immediate.

*Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr,* 676 F.2d 1211, 1214 (8th Cir. 1982)).

When deciding whether to grant preliminary injunctive relief, a court must consider: (1) the threat of irreparable harm to the movant; (2) the balance between the harm to the movant and the harm to the nonmoving party should the injunction issue; (3) the likelihood of success on the merits; and (4) the public interest. *Roudachevski v. All-American Care Centers, Inc.*, 648 F.3d 701, 705 (8th Cir. 2011) (citing *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981)).

Absent the threat of irreparable harm, the Court cannot issue a preliminary injunction. *MidBAm. Real Estate Co. v. Iowa Realty Co.*, 406 F.3d 969, 977 (8th Cir. 2005). "Possible harm" is not enough; rather, there must be an actual threat of immediate harm. *Randolph v. Rodgers*, 170 F.3d 850, 857 (8th Cir. 1999) (citing *Dataphase Sys. v. C.L. Sys.*, 640 F.2d 109, 113 (8th Cir. 1981)). At this time, Mr. Covert has not come forward with any facts to indicate that he faces the threat of immediate harm.

In addition, the purpose of a preliminary injunction is "to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). Thus, the party requesting a preliminary injunction must "establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Id.* Mr. Covert fails to show that his requested relief is related to his pending deliberate indifference claims.  See *Owens v. Severin*, 293 F. App'x 425, 425 (8th Cir. 2008) (affirming the denial of a prisoner's request for a preliminary injunction because "the relief sought was unrelated to the allegations in his [§ 1983] complaint").

IT IS THEREFORE ORDERED THAT Mr. Covert's motion for order to show cause and for temporary restraining order *(Doc. 152)* is DENIED.

Dated this 5th day of October, 2021.

_____
UNITED STATES MAGISTRATE JUDGE